### GREGORY *against* ALLYN.

An arbitration note, indorsed down, by the arbitrators, to the amount of the award, may be declared on as a note for the sum expressed on its face.

THIS was an action on a promissory note for 500 dollars, dated the 17th day of *April*, 1832, and payable to the plaintiff within thirty days from date. The defendant pleaded *Non assumpsit ;* on which issue was joined.

The note described in the declaration was made by the defendant, and delivered to *Edward Hunt, Nathan Kingsley* and *Benjamin B. Knapp*, as arbitrators in a controversy between the present plaintiff and defendant, for the purpose of

*Litchfield,*
*June, 1834.*

Gregory
*v.*
Allyn.

being delivered by them to the successful party, in order to enforce the award.    The arbitrators having found the sum of 80 dollars due from the defendant to the plaintiff, indorsed the note down so as to leave only that sum due on it, and delivered it over to the plaintiff.    The face of the note remains unaltered. On the trial, the question arose, whether the note was so described in the declaration as to be admissible in evidence under the general issue.    To obtain the advice of this court upon that question, a case embracing the above statement, was agreed to, and reserved.

*N. Perry,* for the plaintiff, remarked, 1. That in the case of a note or bond with a condition, the action may always be brought on the face of the note or penal part of the bond, without taking any notice of the condition.    *Filley* v. *Brace,* 1 *Root* 507. 1 *Sw. Dig.* 677.    This is a principle of law, about which there cannot be a doubt.

2. That the action is brought according to the uniform and immemorial practice in this state, in cases precisely like the present ; and the propriety of thus bringing the suit, was never before questioned.    *Mills* v. *Borroughs,* 1 *Root* 99.    *Desborough* v. *Desborough,* 1 *Root* 126.    *Steavens* v. *Bass,* 1 *Root* 127.    *Patterson* v. *Leavitt,* 4 *Conn. Rep.* 50.

*P. Smith* and *Fenn,* contra, contended, 1. That a contract must be set out in the words in which it is made, or according to its legal effect.    1 *Chitt. Plead.* 352. 299.    A variance, however small, is fatal.    1 *Chitt. Plead.* 304. 307.

2. That the indorsement of the note, in this case, was part of the contract, and ought to appear in the declaration ; and because it does not so appear, the note is mis-described, and inadmissible as evidence to support the declaration.    *Gates* v. *Jones,* 1 *Root* 238.    *Steavens* v. *Bass,* 1 *Root* 127.

3. That an arbitration note is an *escrow,* when made, and does not become a note until delivered by the arbitrators ; and then for the sum only for which it was so delivered.    *Steavens* v. *Bass,* 1 *Root* 127.

4. That at any rate, there was, in this case, a *qualification* of the contract appearing on the instrument, which must be set out in the declaration, being distinguishable from a clause in the nature of a *condition subsequent,* of which the

defendant may avail himself in his defence, which need not be set out in the declaration.  1 *Chitt. Plead.* 301, 2.  *Gould's Plead.* 177. 179.  *Miles* v. *Sheward,* 8 *East,* 7.  *Howell* v. *Richards,* 11 *East,* 633.

*Litchfield,*
June, 1834.
———
Gregory
*v.*
Allyn.

WILLIAMS, J.  The defendant claims, that this note should have been declared upon as a note for the sum which the arbitrators found due to the plaintiff.  He insists, that a note must be declared upon in the words of it, or according to its legal effect; and that these proceedings make this in effect a note for 80 dollars; and so the note is mis-described.

The general positions of the defendant's counsel as to the law, are certainly correct; but the point to be proved, is, that this case is within them.

The plaintiff declares upon a note for 500 dollars, dated the 17th of *April,* 1832, payable in 30 days; and he produces just such a note.  It would seem very difficult to say, that this note was not truly described; and yet this is precisely the claim of the defendant.  He says it takes effect from the delivery by the arbitrators, and for the amount of the award only; and is, therefore, only a note for that sum.

Notes of this kind have been very common in this state, and suits upon them have not been uncommon; but it is not pretended, that any practice similar to that now claimed by the defendant, ever existed.  On the contrary, it must be admitted, that so far as practice can influence opinion, it has been uniformly the other way; and we are now called upon to examine whether it is correct.  To determine this, let us see what was the contract between the parties.

Not agreeing whether any thing was due, or if any thing, what amount was due, the defendant gives his note for 500 dollars, and agrees with the plaintiff, that these men shall say what sum is due, and if they find the sum less than the amount of the note, they shall deliver this note as the note of the defendant, indorsing thereon such sum as will leave the amount of their award due upon the note.  The object of the parties is the same as if, instead of delivering the note to the arbitrators, it had been delivered to the plaintiff, with the same condition that they substantially impose upon the arbitrators: " provided, however, that this note shall be void, if the defendant pays the amount of the award; or provided it shall be reduced to

*Litchfield*,
June, 1834.

Gregory
*v.*
Allyn.

the sum awarded by the arbitrators." In such case, there could be no doubt that the note might be declared upon as it now is.

In the mode adopted by the parties, they do not give power to the arbitrators to vary or alter the note; but they may limit its effect. They are not to make a new note, but to take such measures that a recovery cannot be had upon this beyond the justice of the case. The instrument upon which the recovery is to be had, is made by the parties, but is subject to be reduced, by the award. The indorsement upon it no more varies or affects the description of the instrument than any other indorsement. The award is, indeed, to be carried into effect; but it is to be done in a particular way, which the parties have chosen, *viz.* by means of a note of 500 dollars.

Suppose on settlement of accounts, the defendant had written this note, but before delivery, he ascertains that it is 100 dollars too much, and indorses that sum upon it; is it a note for 500 dollars or 400 dollars?

By our invariable practice in declaring upon a note against the maker, we make a *profert* of it. In the case put above, suppose the plaintiff declared upon the note as on a note for 400 dollars, and made a *profert*, and *oyer* was demanded; would not that note support the declaration? If in the latter case, he might declare upon the note as a note for 500 dollars, no reason occurs to me why he cannot in the former.

The defendant claimed, that this note was an *escrow*, and did not become operative until delivered by the arbitrators, and then for the amount only of their award. What is an escrow? A writing to become operative upon a certain event; and then it may take effect, not from such event, but from the original delivery. Thus, a deed delivered by an infant, to take effect after he comes of age, is not binding upon him; but a deed delivered by a feme sole as an escrow, binds her, although not delivered until she is married. *Perk.* 61. 62.

This instrument, then, by the act of the arbitrators, becomes effectual from the time of the original delivery, and is to operate as if then delivered, by the defendant to the plaintiff. The indorsement then made upon it, by the arbitrators, it would seem, would have no more effect in relation to the description of the instrument, than an indorsement by the party, had he delivered it himself to the plaintiff. The award forms no quali-

fication of the instrument, although it lessens the damages to be recovered upon it.

This view of the case is confirmed, by the opinion of the supreme court of *Massachusetts*, in the case of *Kellogg* v. *Curtis* admr. of *Stoddard*, 9 *Pick.* 534. The plaintiff having brought his suit against one *Knapp*, and attached land previously conveyed to the intestate, claiming that his conveyance was fraudulent; the plaintiff and defendant agreed to submit to certain arbitrators the questions between the plaintiff and *Knapp*; and that they would abide the decision. Each gave notes, which were placed in the hands of a third person, to be delivered up against the party who should fail to perform. *Stoddard* did not perform; and the notes were delivered to the plaintiff; and this suit was brought upon the notes so executed by *Stoddard*. The defendant insisted, that the action should have been brought upon the agreement to abide, &c., and not upon the note. The court said, the note was given upon a condition which the defendant failed to perform. It was to be delivered to the party, who did perform; and the party who failed to perform the condition became answerable for the non-performance.

I should, therefore, advise the superior court to render judgment for the plaintiff.

The other Judges were of the same opinion, except PETERS, J., who was absent.

Judgment for plaintiff.